IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WASEEM DAKER, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO.<br>: 1:03-CV-2526-RWS |
| JOE FERRERO, et al., | : |
| Defendants. | : |

**ORDER**

Now in its fourth year, this case comes before the Court for resolution of the following pretrial motions: (i) Defendants' Motion for Leave to File a Supplemental and Amended Motion for Summary Judgment [100]; (ii) Plaintiff's Motion for Reconsideration [101]; (iii) Plaintiff's Motion to Appoint Counsel [103]; (iv) Plaintiff's Motion to Stay [104]; and Defendants' Motion to Stay Filing of Pretrial Orders [105]. After reviewing the entire record, the Court enters the following Order.

**Background**

Plaintiff, a former prisoner incarcerated at various Georgia state prison facilities, initiated this *pro se* civil action in August 2003, against Defendants Joe Philip Ferrero, Acting Commissioner of the Georgia Department of Corrections ("GDC"), and numerous prison officials.  In his sole claim at issue in this case, Plaintiff alleges under 42 U.S.C. § 1983 that Defendants unconstitutionally limited his access to the courts by failing to provide adequate legal materials beginning in 1998, when the GDC discontinued updating the legal publications made available to inmates in its prison libraries.  On October 25, 2005, Plaintiff was released from prison, but he continues to pursue this litigation.

In March 2004, prior to Plaintiff's release, the Court granted Plaintiff's Motion for a Temporary Restraining Order, and required Defendants to provide Plaintiff reasonable access to updated legal materials.  (See Order of Mar. 25, 2004 [9] at 6.)  The Court held that Plaintiff had demonstrated a likelihood of success because of his inability to pursue his claims under the Religious Land and Institutionalized Persons Act of 2000 ("RLUIPA") in Daker v. Wetherington, No. 1:01-CV-3257-RWS, without adequate access to post-1998

legal materials. In a subsequent Order issued after Plaintiff's release from prison, the Court dismissed Plaintiff's claim for injunctive relief as moot. (See Order of Feb. 17, 2006 [88] at 3.) The Court, however, declined to dismiss Plaintiff's remaining claim for monetary damages, finding that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), did not bar an award of nominal damages against Defendants in their individual capacities. (Id.) The Court left open the question of whether Plaintiff could recover compensatory or punitive damages.[1]

Defendants then moved for summary judgment, arguing principally that Plaintiff's claims were insufficient as a matter of law. In its most recent Order entered on January 9, 2007, the Court denied Defendants' Motion for Summary Judgment, finding that Plaintiff had presented sufficient evidence to state an access-to-the-courts claim against Defendants in their individual capacities. The Court held that Plaintiff had presented evidence of "actual injury" as required by Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d

---

[1] The Court concluded that the PLRA does not "bar claims for actual or punitive damages, so long as those claims are not predicated on mental or emotional injury," but "expresse[d] no opinion as to whether Plaintiff has successfully alleged any cognizable economic injury in this suit." (See Order of Feb. 17, 2006 [88] at 4 & n.2.)

3

606 (1996), which he suffered while pursuing his direct appeal of his criminal conviction, see <u>Daker v. State</u>, 533 S.E.2d 393, 400 (Ga. Ct. App. 2000), and his civil rights claims in <u>Daker v. Garner</u>, No. 1:99-CV-894-RWS, slip op. at 3 (Apr. 10, 2000). (<u>See</u> Order of Jan. 9, 2007 [99] at 24.) In doing so, the Court rejected Defendants' contention that the frequency of Plaintiff's filings in this Court undermined his claim of denial of access to the courts, and found Defendants' argument that "any lawsuits dismissed by the federal or state courts were for frivolous claims" was directly contradicted by this Court's own explicit findings in <u>Daker v. Garner</u>. (<u>See</u> <u>id.</u> at 20-23.)

Since the entry of its Order of January 9, 2007, Defendants have moved for leave to file a successive motion for summary judgment, this time to raise the defense of qualified immunity and the statute of limitations. Plaintiff has also moved for reconsideration of the Court's prior Order. The Court now takes up these and various other miscellaneous motions.

## Discussion

**I.     Defendants' Motion for Leave to File a Supplemental Motion for Summary Judgment**

    **A.     Qualified Immunity Defense**

4

Defendants request leave to file a successive motion for summary judgment, in which they seek to raise qualified immunity for the first time in this litigation. Although Defendants preserved the defense in their answer, Defendants, inexplicably, failed to raise qualified immunity in either of their two motions to dismiss or in their most recent motion for summary judgment.[2] Defendants offer no explanation of their delinquent efforts, which come three-and-a-half years into this litigation, and after the Court has directed the parties to file their proposed pretrial orders. Woefully unpersuaded and cognizant of the prejudice that would befall Plaintiff were the Court to endorse Defendants' delay, the Court declines to grant Defendants leave.

As an initial matter, the Court rejects Defendants' suggestion that they are entitled as of right to raise qualified immunity for the first time in a successive pretrial motion for summary judgment. Qualified immunity is an

---

[2] In their first Motion to Dismiss [20], which was filed on July 1, 2004, Defendants unsuccessfully argued that Plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). In their second Motion to Dismiss [77], which was filed on October 26, 2005, Defendants successfully argued that Plaintiff's claims for equitable relief were mooted by his release from prison, and unsuccessfully argued that Plaintiff's claims were precluded by the physical-injury requirement of 42 U.S.C. § 1997e(e). Defendants' Motion for Summary Judgment [93], filed on August 2, 2006, challenged only the sufficiency Plaintiff's evidence of "actual injury" under Lewis v. Casey, 518 U.S. at 351.

5

affirmative defense to personal liability, which, even if pled in a defendant's answer, may be waived during the pretrial stage of the litigation if not diligently raised. See Skrtich v. Thornton, 280 F.3d 1295, 1306-07 (11th Cir. 2002); Kennedy v. City of Cleveland, 797 F.2d 297, 301 (6th Cir. 1986) (stating that defendants must exercise "a reasonable modicum of diligence" in exercising qualified immunity). In Skrtich, the Eleventh Circuit held that, though the defendants preserved qualified immunity in their answer, their attempt to first raise it in a third motion to dismiss, after the filing of two other motions to dismiss and one motion for summary judgment, constituted an "abuse of process" that waived the defense for pretrial purposes. Id. Noting that under Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S. Ct. 2806, 2817-18, 86 L. Ed. 2d 411 (1985), a defendant has a right to an interlocutory appeal upon the denial of qualified immunity, the court condemned the significant delay that would ensue were it to endorse the defendants' last-ditch claim to qualified immunity immediately prior to trial: "The potential for abusive delays or manipulative uses of qualified immunity claims is clear, as a defendant can raise the defense at various stages of litigation and a denial of the defense at any of these stages generally entitles a defendant to an immediate appeal." Skrtich, 280 F.3d at

1306.  After sharply rebuking the defendants' tactics, the court upheld the trial court's denial of pretrial qualified immunity on waiver grounds.  Id.

Although the court in Skrtich was concerned with an untimely Rule 12 motion to dismiss, its reasoning is equally applicable to this case, which involves a request to file an eleventh-hour Rule 56 motion for summary judgment.  The court in Skrtich relied principally on the decision of the First Circuit in Guzman-Rivera v. Rivera-Cruz, 98 F.3d 664 (1996), which specifically rejected a defendant's attempt to raise qualified immunity for the first time in a successive motion for summary judgment.  See Skrtich, 280 F.3d at 1306-07 (examining and endorsing Guzman-Rivera).

Moreover, courts outside of the Eleventh Circuit uniformly recognize a trial court's discretion to decline a defendant's eve-of-trial attempt to raise qualified immunity in a motion for summary judgment.  See, e.g., English v. Dyke, 23 F.3d 1086, 1090 (6th Cir. 1994) ("Moreover, the trial court has discretion to find a [pretrial] waiver if a defendant fails to assert the defense within time limits set by the court or if the court otherwise finds that a defendant has failed to exercise due diligence or has asserted the defense for dilatory purposes."); Kennedy, 797 F.2d at 305 (holding that trial judge had

7

discretion to strike successive motion for summary judgment attempting to raise qualified immunity for first time where "no new facts or previously unavailable legal arguments were offered and no good cause has been shown to excuse the inordinate delay"); Guzman-Rivera, 98 F.3d at 666 (same); Eddy v. Virgin Islands Water and Power Auth., 256 F.3d 204, 210 (3d Cir. 2001) ("[T]he District Court must exercise its discretion and determine whether there was a reasonable modicum of diligence in raising the [qualified immunity] defense . . . [and] whether the plaintiff has been prejudiced by the delay."); Bakalis v. Golembeski, 125 F.3d 576, 579 (7th Cir. 1997) ("We do not believe that . . . the district court or the court of appeals is obliged to entertain successive qualified immunity claims without any concern for an orderly decisionmaking process."); cf. Anderson v. Creighton, 483 U.S. 635, 646 n. 6, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) (noting that "qualified immunity questions should be resolved at the earliest possible stage of a litigation").

Defendants now attempt to raise qualified immunity three-and-a-half years into this litigation and within days of the deadline for the parties to submit their proposed pretrial orders. In view of the above authority, the Court declines Defendants' request. The Court finds that Plaintiff would suffer

8

prejudice were the Court to allow an additional round of briefing, which may entail an interlocutory appeal and further delay a trial on Plaintiff's claims. Whether Defendants' tactics are the result of intentional delay or mere neglect, they are equally inexcusable, and will not be sanctioned by this Court.

That being said, a finding of a pretrial waiver of the qualified immunity defense does not waive the defense at all stages in the litigation. See English, 23 F.3d at 1090. Defendants are free to raise the issue of qualified immunity at trial.

Insofar as Defendants seek leave to file a successive motion for summary judgment in order to raise qualified immunity, their motion is **DENIED**.

### B. Statute-of-Limitations Defense

Defendants also seek leave to file a successive motion for summary judgment to raise a statute-of-limitations defense. Defendants raised this defense unsuccessfully in their first motion for summary judgment because the Court found that they improperly raised it for the first time in a reply brief. (See Order of Jan. 9, 2007 [99] at 9 n.4.) As an explanation for their delay, Defendants offer that they were not on notice of the dates of Plaintiff's claims until after he responded to their Motion for Summary Judgment.

9

As Plaintiff points out in his Response, however, Defendants were (at least partially) on notice of the date of the accrual of Plaintiff's claims based on Plaintiff's responses to Defendants' discovery requests.  Furthermore, Defendants had ample opportunity during the discovery period to further ascertain the facts underlying Plaintiff's claims.  As Defendants have failed to demonstrate that they were at all impeded from the discovery of such facts, the Court declines Defendants' request for leave.[3]  Accordingly, insofar as Defendants seek leave to file a successive motion for summary judgment in order to raise the statute of limitations, their motion is **DENIED**.

## II.     Plaintiff's Motion for Reconsideration

Plaintiff moves for reconsideration of this Court's Order of January 9, 2007.  In that Order, the Court held that one of Plaintiff's asserted instances of "actual injury" under Lewis v. Casey was insufficient since Plaintiff had access to legal materials that were published prior to 1998. Specifically, in a footnote, the Court held the following:

> Plaintiff also claims that the unavailability of Kolokouris v. State, 523 S.E.2d 311, 313 (Ga. 1999), and Lacey v. State, 507

---

[3] Defendants are, of course, free to raise the statute of limitations as a defense at trial.

10

> S.E.2d 441 (Ga. 1998), in GDC prison libraries impaired his ability to challenge the constitutionality of the statute under which he was convicted in his direct appeal. Both <u>Kolokouris</u> and <u>Lacey</u> held that a challenge to the constitutionality of a state statute "must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned by the jury." <u>Lacey</u>, 507 S.E.2d at 442 (quoting <u>Brackett v. State</u>, 181 S.E.2d 380 (Ga. 1971)). But the rule of <u>Kolokouris</u> and <u>Lacey</u> was in effect prior to 1998, as indicated by <u>Lacey</u>'s quotation of the Georgia Supreme Court's 1971 decision in <u>Brackett</u>. Thus, the absence of these two cases could not have caused Plaintiff "actual injury."

(Order of Jan. 9, 2007 at 16 n.7.)

As Plaintiff correctly points out, however, in 1979, the Georgia Supreme Court held in <u>Hammock v. Zant</u>, 253 S.E.2d 727 (Ga. 1979), that an individual *may* challenge the constitutionality of the statute under which he was convicted for the first time on a habeas corpus petition. Several decisions handed down after <u>Hammock</u>, but before <u>Kolokouris</u> and <u>Lacey</u>, also recognized a similar non-waiver rule. See, e.g., <u>Barnes v. State</u>, 260 S.E.2d 40 (Ga. 1979); <u>Simmons v. State</u>, 271 S.E.2d 468, 469 (Ga. Ct. App. 1980). Plaintiff claims that, because of the GDC's insufficient libraries, he only had access to the <u>Hammock</u> line of cases, which established a materially different rule than the waiver rule established in 1971 in <u>Brackett</u> and later revived in 1998 and 1999

11

by the Lacey and Kolokouris decisions. Because Kolokouris and Lacey were handed down after the GDC discontinued updating its prison libraries, and were thus not available to Plaintiff during his incarceration, Plaintiff claims he was unable to ascertain the effective overruling of Barnes and Simmons, both of which he relied upon in his direct criminal appeal.

Defendants have not filed a response to Plaintiff's Motion for Reconsideration. Having reviewed that Motion, the Court finds Plaintiff has demonstrated good cause for the Court to reconsider Footnote 7 of its January 9, 2007, decision. Accordingly, Plaintiff's Motion for Reconsideration is **GRANTED.**

### III.     Plaintiff's Motion to Appoint Counsel

Plaintiff further requests that the Court appoint counsel to represent him in this action. A prisoner pursuing a Section 1983 action does not have a constitutional right to counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). While a court has discretionary authority to appoint counsel for litigants in civil cases, 28 U.S.C. § 1915(e)(1), the appointment of counsel in such cases is a privilege "justified only by exceptional circumstances." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). Determining whether exceptional

circumstances exist is committed to the discretion of the court. Steele v. Shah, 87 F.3d 1266, 1270 (11th Cir. 1996). Plaintiff has failed to set out any exceptional circumstances in this case that would justify appointment of counsel. Moreover, the Court finds that Plaintiff, despite his *pro se* status, is more than competent to represent himself. Accordingly, Plaintiff's Motion for Appointment of Counsel is hereby **DENIED**.

### IV. Motions for Stay

Both parties moved for a stay of the deadline to file proposed pretrial orders pending the Court's resolution of the outstanding motions. The parties' motions for stay are **GRANTED nunc pro tunc**. As a result of this Order, however, no cause exists to further stay this case. Accordingly, the Court **DIRECTS** the parties to file their pretrial orders within twenty (20) days of the date this Order is entered on the docket.

### Conclusion

For the foregoing reasons, Defendants' Motion for Leave to File a Supplemental and Amended Motion for Summary Judgment [100] is **DENIED**. Plaintiff's Motion for Reconsideration [101] is **GRANTED**. Plaintiff's Motion to Appoint Counsel [103] is **DENIED**. Plaintiff's Motion to Stay [104] is

13

**GRANTED nunc pro tunc**.  Defendants' Motion to Stay Filing of Pretrial Orders [105] is **GRANTED nunc pro tunc**.

The parties of **DIRECTED** to file their pre-trial orders not later than twenty (20) days from the date this Order is entered on the docket.

**SO ORDERED** this   30th   day of March, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

14